IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Demetrius J. Smalls, *also known as Demetrius Jarod Smalls*, | ) C/A No. 2:13-3374-RMG-BHH ) ) |
| Plaintiff, | ) ) |
| vs. | ) **REPORT AND RECOMMENDATION** ) |
| Bruce Owens; D. Peters; Ray Nash; and Sgt. Pumphries, | ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

Plaintiff, Demetrius J. Smalls, also known as Demetrius Jarod Smalls ("Plaintiff"), is a state prisoner in the Lieber Correctional Institution of the South Carolina Department of Corrections ("SCDC") in Ridgeville, South carolina. Plaintiff files this action against Defendants, pursuant to 42 U.S.C. § 1983, seeking declaratory relief and monetary damages.[1] Plaintiff is proceeding pro se and in forma pauperis, pursuant to 28 U.S.C. §§ 1915. Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the Court. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed, without prejudice and without issuance and service of

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

process, because it fails to state a plausible claim on which relief may be granted by this Court.

## PRO SE AND IN FORMA PAUPERIS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5, 101 S. Ct. 173 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never

squarely presented" to the court.  Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

Plaintiff alleges that, on January 27, 2005, Defendants, who are officers of the Summerville Police Department and the Dorchester County Sheriff's Department, unlawfully arrested Plaintiff "without reason or incident," at the request of the Mount Pleasant Police Department, then took Plaintiff to the Summerville Police Department and, about an hour later, "to the Mount Pleasant Police Headquarters, where the Mount Pleasant Police w[ere] afforded the opportunity to detain, commit/admit excessive bail on the Plaintiff, so evidence could be fabricated and falsified to try, prosecute and convict Plaintiff in cases: 2004-010174, 2005-000-275 and 2005-000-979.  Complaint, ECF No. 1, p. 4.  Plaintiff alleges that Defendants

> acted in a conspiracy to kidnap, to kidnap and conspired to deprive, and did deprive, the Plaintiff of his United States Constitutional Rights to be free from unlawful searches and seizures, his right to confront his accusers, his right to be fully apprised of the true cause and nature of the accusations being made against him, his rights to not be deprived of life, liberty or property without due process of law, and his right to due process/equal protection of law rights.  4.6.5. and 14 USCA. 18 USC § 241 - § 242.  All of this transpired when the said Defendants arrested Plaintiff in case no. 2005-004327.

Complaint, ECF No. 1, p. 1.  Defendant Owens is alleged to have been the Chief or Acting Chief of the Town of Summerville Police Department on January 27, 2005.  Defendant Peters is alleged to have been the Summerville Police Department detective who arrested Plaintiff at Plaintiff's place of employment.  Defendant Nash is alleged to have been "head

3

sheriff of Dorchester County." Defendant Pumphries is alleged to have been a Sergeant of the Dorchester County Sheriff's Department.  See Complaint, ECF No. 1, p. 2-3.

Although Plaintiff's Complaint does not make it entirely clear, Plaintiff appears to allege that he was stopped for a traffic offense, detained, and arrested on an outstanding warrant (or warrants) which was (or were) served upon Plaintiff by Defendants while Plaintiff was in Dorchester County, outside of the jurisdiction of the law enforcement agency which issued the warrant(s).  Plaintiff alleges:

> Plaintiff's arrest warrants were not countersigned by a Dorchester County Magistrate . . . defendants violated S.C. Code Ann. § 22-5-190 and S.C. Code Ann. § 22-5-200 . . . the Summerville Police Department neither the Dorchester Sheriff's Office did not perform any administrative duties or under uniform crime reporting as expressed in S.C. Code Ann. § 1-23-140 . . . and South Carolina Code of State Regulations 73-30 (A) - (F) . . . plaintiff was never formally charged with the offense of driving without having the rear lights on in case no. 2004-010174 to warrant his arrest in such case . . . there were no active arrest warrants in case(s): 2005-000-275, 2005-000-979 in NCIC according to FBI/CJIS . . . Mount Pleasant Police entered that no extradition would occur, and Summerville Police /or Dorchester County did not report case 2004-0101741 to SLED pursuant to the uniform crime reporting provision.

Complaint, ECF No. 1, p. 9. Apparently, while in custody on the traffic charges and/or outstanding warrants which are the subject of the instant case, Plaintiff was interrogated and made statements which led to his also being charged with armed robbery (two counts), kidnapping, and assault and battery with intent to kill. Plaintiff subsequently pleaded guilty to these charges, on June 26, 2007 in Charleston County General Sessions Court, and was sentenced to twenty-five years imprisonment.[2]

---

[2] The undersigned takes judicial notice of Plaintiff's currently pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in Smalls v. McFadden, C/A No. 2:13-2651-RMG-BHH (D.S.C.), which Plaintiff filed in this Court on September 27, 2013; Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the

Plaintiff attaches to his Complaint copies of his SCDC grievances in which he alleges:

> [o]n June 26, 2007 the Circuit Court sentenced [Plaintiff] to the South carolina Dept. Of Corrections unlawfully. The Town of Summerville Police were 'constitutionally negligent' by apprehending me on inactive warrants for my arrest on January 27, 2005 at 1400 hrs. Summerville Police Department did not enforce or execute any order of a court before or after placing [Plaintiff] under arrest. Thus deprives the Circuit Court of jurisdiction over [Plaintiff's] person and territorial jurisdiction, due to the statutory provisions of § 22-5-190 22-5-160, 22-5-200, 17-13-30, 23-1-215 of the 1976 Code of Laws of the State of South Carolina.

Complaint, ECF No. 1-2, p. 17.

Plaintiff alleges in another grievance attached to his Complaint that "he "was found guilty in [his] absence in case no. 2004-010174 without ever being placed on notice that [he] had to appear in court on Feb. 5, 2005." Complaint, ECF No. 1-2, p. 16. Plaintiff alleges that has made several attempts to file a lawsuit in state court, however, "the First Circuit Court of Common [Pleas] will not process [it]." Complaint, ECF No. 1, p. 7. Plaintiff alleges that he attempted to access the Administrative Law Court and SCDC's grievance system, "however [SCDC's] Inmate Grievance Branch will not process any grievances relative to this unlawful search and seizure." Id. Plaintiff alleges that he has a lawsuit against the Charleston County Sheriff's Office and the Mount Pleasant Police Department in state court in case no. 2013-CP-10-3144, filed on May 31, 2013 in the Ninth Circuit Court of Common Pleas, in which the Attorney General's Office has defaulted. Id.

---

most frequent use of judicial notice is in noticing the content of court records.'"); Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records.").

Plaintiff seeks a declaratory judgment that Defendants' acts violated Plaintiff's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments, and under the S.C. Constitution and Code of Laws, and compensatory damages in the amount of $4 million. See Complaint, ECF No. 1, p. 8.

## DISCUSSION

Plaintiff's Complaint seeking relief for his allegedly unlawful arrest without probable cause, in violation of his constitutional rights, and his subsequent allegedly wrongful state court convictions is subject to summary dismissal. With respect to actions filed pursuant to § 1983, such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the United States Supreme Court stated, in Heck v. Humphrey, 512 U.S. 477 (1994):

> We hold that, in order to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87. Thus, the United States Supreme Court has ruled that, until a criminal conviction is set aside by way of appeal, post-conviction relief, writ of habeas corpus, or otherwise, any civil rights action based on the conviction and related matters will be barred. See Johnson v. Freeburn, 29 Fed. Supp.2d 764, 772 (S.D.Mich. 1998) (under

Heck, nature of relief sought is not critical question; rather, it is the grounds for relief); see also Clemente v. Allen, 120 F.3d 703 (7th Cir. 1997) (injunctive relief sought).

Plaintiff has failed to establish that his convictions in cases 2004-010174, 2005-000-275 and 2005-000-979, allegedly the result of fabricated and falsified evidence, see Complaint, ECF No. 1, p. 4, have been reversed, expunged, or declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. If Plaintiff were to succeed in this § 1983 case in showing that Defendants lacked probable cause to arrest Plaintiff and that Defendants violated Plaintiff's rights, then Plaintiff's subsequent convictions in these cases would necessarily be rendered illegal. Accordingly, the undersigned concludes that a judgment in favor of Plaintiff in this action would imply the invalidity of Plaintiff's convictions. However, Plaintiff has not shown that he has successfully challenged these convictions.

Plaintiff does not allege that he filed a direct appeal or a post-conviction relief application in the Charleston County Court of Common Pleas which has resulted in the reversal of his convictions.[3] Thus, Plaintiff's Complaint fails to show the necessary element that Plaintiff's conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus [pursuant to]

---

[3] Under S.C. Code § 18-3-10 et seq., an appeal of a municipal or magistrate court criminal conviction may be taken, within ten days after sentence, to the Court of Common Pleas of the county. Such an appeal is not a de novo appeal. It is heard on the grounds of exceptions and the record of the municipal or magistrate court, without examination of witnesses. See S.C. Code § 18-3-70.

7

28 U.S.C. § 2254." Heck, 512 U.S. at 486-87.  Consequently, Plaintiff cannot show a constitutional injury and cannot state cognizable § 1983 claims against Defendants.[4]

Even if this Court could exercise jurisdiction over Plaintiff's § 1983 claims, it plainly appears on the face of the Complaint that they are time barred.  While there is no federal statute of limitations for actions arising under § 1983, it is well settled that the limitations period for § 1983 claims is to be determined by the applicable state law statute of limitations.  See Wilson v. Garcia, 471 U.S. 261, 266-69 (1985).  The United States Supreme Court has further held that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."  Owens v. Okure, 488 U.S. 235, 249-50 (1989).  In South Carolina, the applicable statute of limitations for personal injury cases is three years.  See S.C. Code § 15-3-530(5).[5]  It plainly appears from Plaintiff's Complaint that the actions upon which Plaintiff is basing his lawsuit took place on January 27, 2005, almost nine years ago.  Plaintiff alleges no facts as to why his Complaint, filed

---

[4] To the extent that Plaintiff attempts to state a malicious prosecution claim, pursuant to § 1983 or state tort law, Plaintiff must demonstrate that the criminal proceeding against him terminated in his favor.  Burrell v. Virginia, 395 F.3d 508, 514 (4th Cir. 2005) (§ 1983 claim for malicious prosecution incorporates the common law element of favorable termination to state a cause of action).  See Lambert v. Williams, 223 F.3d 257, 261-62 & n.2 (4th Cir. 2000); Schilling v. White, 58 F.3d 1081 (6th Cir. 1995) (noting that in common law tort liability, proof of the illegality of a conviction is a necessary element, and unless that conviction has been reversed, there has been no injury of constitutional proportion, and therefore no § 1983 action may exist).  Plaintiff's criminal proceedings did not terminate in his favor.  Therefore, Plaintiff's Complaint fails to state a plausible malicious prosecution-type claim.

[5] "Except as to actions initiated under Section 15-3-545 [medical malpractice actions], all actions initiated under Section 15-3-530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action."  S.C. Code § 15-3-535.

on December 4, 2013, should be considered timely. Because almost nine years elapsed between the time the alleged acts occurred and the time Plaintiff filed this lawsuit against Defendants, Plaintiff's claims are untimely, fail to state claims on which relief may be granted, and must, consequently, be dismissed.[6]

Finally, to the extent that Plaintiff's Complaint attempts to set forth cognizable claims and causes of action based in state law, this Court again does not have jurisdiction to hear them. Federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." See 28 U.S.C. §1367; Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no valid federal claims, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state claims. See Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ("'[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"). While a civil action for a state law claim would be cognizable in this Court under the federal diversity statute, that statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).

---

[6] Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. See, e.g., United States v. Ward, 618 F. Supp. 884, 901 (E.D.N.C. 1985); Am. Nat'l Bank v. Fed. Deposit Ins. Corp., 710 F.2d 1528, 1537 (11th Cir. 1983). Even so, the holding in Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses available to the defendants in determining under § 1915 whether process should be issued against the defendants. See also Rogers v. Isom, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed.") (citing Todd v. Baskerville, 712 F.2d 70, and Duncan v. West Virginia, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding a complaint frivolous.") (citation omitted)).

See 28 U.S.C. § 1332(a).  Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side.  See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978).  Here, Plaintiff's Complaint and proposed service documents indicate that the parties to this action are all residents of South Carolina, so diversity of citizenship does not exist.  Accordingly, this Court has no diversity jurisdiction over this case.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss Plaintiff's Complaint, without prejudice and without issuance and service of process.  Plaintiff's attention is directed to the important notice on the next page.


December 11, 2013                                  s/Bruce Howe Hendricks
Charleston, South Carolina                         United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).